UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 6611

BOARD OF TRUSTEES OF THE LOCAL )
295/LOCAL 851 – I.B.T. EMPLOYER )
GROUP PENSION TRUST FUND )
  )
       Plaintiff, )
  )
vs. )
  )
EMPIRE FREIGHT SYSTEMS CORP., )
  )
       Defendant. )

**COMPLAINT**

RECEIVED
JUL 2 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, by their attorneys, Cary Kane LLP, complaining of defendant, respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action by employee pension benefit plan fiduciaries to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2.     The jurisdiction of this court is invoked pursuant to Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3.     As the employee pension benefit plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

12144_1

## THE PARTIES

4.      The Local 295/851 I.B.T. Employer Group Pension Trust Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002. The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Plan. The Plan is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. §§ 1002(37).

5.      Plaintiffs are Trustees of the Fund. The Fund is a collectively-bargained, jointly-trusteed fund organized and operating pursuant to the provisions of ERISA and the Labor-Management Relations Act ("LMRA"). Plaintiffs have been, at all times material hereto, fiduciaries of the Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21). The Plan is administered in the County of New York by Savasta and Company, 60 Broad Street, 37th Floor, New York, New York 10004.

6.      Upon information and belief, defendant Empire Freight Systems Corp. ("defendant" or "Empire Freight"), is a New York limited liability company having or having had its principal place of business at 147-20 184th Street, Jamaica, NY 11434.

7.      Defendant was a party to a collective bargaining agreement with Local 295 of the International Brotherhood of Teamsters.

8.      Pursuant to the collective bargaining agreement, defendant was required to make contributions to the Fund. As such, defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

12144_1

## FACTUAL BACKGROUND

9.    Upon information and belief, on or about January 11, 2008, defendant permanently ceased to have an obligation to make contributions to the Plan and/or ceased all covered operations under the Plan, causing a complete withdrawal from the Plan, within meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a). As a result, defendant incurred withdrawal liability, within the meaning of Section 4201 of ERISA, 29 U.S.C. § 1381, et seq.

10.    Plaintiffs requested the Pension Fund's actuary to determine, pursuant to Section 4213 of ERISA, 29 U.S.C. § 1393, the withdrawal liability owed by defendant to the Pension Fund. The Pension Fund's actuary determined defendant's withdrawal liability to be $138,620.00.

11.    Pursuant to Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1), by letter dated February 22, 2008, the Fund notified defendant that defendant had incurred withdrawal liability to the Fund in the amount of $138,620.00 and of the schedule for defendant's withdrawal liability payments. The February 22, 2008 letter demanded payment of the withdrawal liability in accordance with that schedule and stated that defendant's initial quarterly withdrawal liability payment was due on May 1, 2008.

12.    Defendant failed to make its initial quarterly withdrawal liability payment. By letter dated May 13, 2008, sent certified mail, return receipt requested, the Fund notified defendant that it had failed to make its first quarterly withdrawal liability payment and demanded remittance thereof. On May 14, 2008, by service on the New

12144_1                                    3

York State Secretary of State, the Fund served defendant with a copy of the February 22, 2008 notice and demand for withdrawal liability.

13.    Defendant did not contest the amount of its withdrawal liability by the deadline set forth in Section 4219(b) of ERISA, 29 U.S.C. §1399(b).

14.    Defendant has not commenced arbitration of any dispute concerning the Fund's assessment of withdrawal liability during the time period set forth in Section 4221(a) of ERISA, 29 U.S.C. §1401(a).

15.    Defendant has failed to make its withdrawal liability installment payments and is now in default, within the meaning Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

## CAUSE OF ACTION

16.    Plaintiffs repeat and reallege the allegations in paragraphs 1 through 15 as if set forth fully herein.

17.    Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), defendant has defaulted on its obligation to pay withdrawal liability and is liable to the Fund for the total amount of its withdrawal liability, which is $138,620.00.

18.    Pursuant to Sections 502(g) and 4301(b) of ERISA, defendant is also liable for interest, liquidated damages, costs and attorneys fees as a result of its default.

WHEREFORE, plaintiffs respectfully request that this Court enter an order and judgment:

(a) Directing defendant to pay to the Fund unpaid withdrawal liability in the amount of $138,620.00.

(b) Directing defendant to pay to the Fund interest on the amount set forth in paragraph "a" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b), and the relevant plan documents and rules;

(c) Directing defendant to pay to the Fund liquidated damages in the amount of 20% or an amount equal to interest, whichever is greater, computed pursuant to Sections 502(g)(2)(c) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(c) and 1451(b), and the relevant plan documents and rules;

(d) Directing defendant to pay to the Fund the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b), and the relevant plan documents and rules; and

(e) Granting such other and further relief as the Court deems appropriate.

DATED:      July 25, 2008

CARY KANE LLP
Attorneys for Plaintiffs


By: _____
      Amy F. Shulman (AS3487)
1350 Broadway, Suite 815
New York, NY  10018
(212) 868-6300